**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

AMIT ARORA,                                )
                                           )
            Plaintiff,                     )
                                           )        No. 21 C 4443
      v.                                   )
                                           )        Judge Sara L. Ellis
NAV CONSULTING INC., d/b/a/ NAV            )
FUND ADMINISTRATION GROUP, and             )
NAV GUPTA,                                 )
                                           )
            Defendants.                    )

**OPINION AND ORDER**

Plaintiff Amit Arora brings this lawsuit against Nav Consulting Inc., d/b/a/ Nav Fund

Administration Group ("NAV") and Nav Gupta (collectively, "Defendants"), alleging

discrimination during his employment based on race, ethnicity, national origin, and citizenship

status in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e,

*et seq.*, 42 U.S.C. § 1981, and the Illinois Human Rights Act, 775 ILCS § 5/2-102.  Defendants

now move for judgment on the pleadings on Arora's Section 1981 claim (Count III).  Because

Arora does not allege that racial animus was the but-for cause of the complained-of employment

actions, the Court grants NAV's motion for partial judgment on the pleadings and dismisses

Count III.

**BACKGROUND**[1]

NAV is a hedge fund administrator headquartered in Oakbrook Terrace, Illinois.  Nav

Gupta, NAV's CEO, owns a majority stake in NAV with his family and controls the company's

---

[1] The Court takes the facts in the background section from Arora's first amended complaint and views the
facts in the light most favorable to Arora.  *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d
449, 452 (7th Cir. 1998).  The Court, however, is "not obliged to ignore any facts set forth in the
complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law."
*Id.*

day-to-day operations. Arora worked for NAV for over seventeen years, first while living in India (where he was born) and then in the United States. Arora's race is Asian and ethnicity Indian, and he describes himself as "Ethnic-Indian." NAV sponsored Arora's H-1B visa and eventual Green Card. In 2020, Arora resigned from his position as a Senior Account Manager.

Arora alleges that Defendants mistreated him and other Ethnic-Indian employees by: housing them in crowded conditions; requiring them to perform unpaid, non-hedge-fund-related work for the company and Gupta; and failing to fairly promote, pay, or allow them professional development opportunities when compared to NAV's non-Ethnic-Indian employees. Arora also describes a decades-long scheme by Defendants to delay his permanent residency process and to keep him at the company by requiring a series of one-sided employment contracts with onerous terms such as three-months required notice, five-figure liquated damages, and expansive non-compete clauses. Gupta directed these discriminatory employment practices. After Arora left NAV, NAV sent him a demand letter seeking $48,000 in liquidated damages because he resigned prior to the end of his three-year contract and then filed a still-pending arbitration claim against Arora when he didn't pay. NAV also pursued an unsuccessful non-compete lawsuit against Arora's new employer.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the complaint and answer have been filed. Fed. R. Civ. P. 12(c). When the movant seeks to "dispose of the case on the basis of the underlying substantive merits . . . the appropriate standard is that applicable to summary judgment, except that the court may consider only the contents of the pleadings." *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993). The pleadings include the complaint, answer, and documents attached as exhibits to the

complaint and answer. *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452–53. The Court should grant a motion for judgment on the pleadings if "no genuine issues of material fact remain to be resolved" and the movant "is entitled to judgment as a matter of law." *Alexander*, 994 F.2d at 336.

## ANALYSIS

Defendants seek dismissal of Count III on the basis that a Section 1981 claim requires race to be the "but for" cause of the alleged employment action, and Arora pleads that NAV discriminated against him not only because of his race, but also because of his ethnicity, national origin, and citizenship status. "To prevail [on a Section 1981 claim], a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020).

Arora admits that he alleges not one but three causes for NAV's treatment of him ("race discrimination, national origin discrimination, and citizenship-based discrimination," Doc. 42 at 3). The first amended complaint similarly bundles these theories of discrimination. *See, e.g.,* Doc. 10 ¶ 2 ("This action alleges that NAV and Mr. Gupta discriminated against Mr. Arora throughout his employment with NAV because of his Indian ethnicity, Indian national origin, Asian race, and his citizenship status."), ¶ 50 ("NAV and Mr. Gupta mistreated and discriminated against Mr. Aurora and other Ethnic-Indians purposefully because of their Indian ethnicity . . . . their Asian race and Indian national origin.").

As courts in this Circuit have interpreted *Comcast*, a plaintiff cannot allege multiple discrimination theories as the "but for" cause for a Section 1981 violation. *See, e.g., James v. City of Evanston*, No. 20-CV-00551, 2021 WL 4459508, at *12 (N.D. Ill. Sept. 29, 2021)

(although plaintiff asserted the City's action was racially motivated, the complaint pleaded that avoidance of public scrutiny, not race, was the but-for cause); *Vang v. State Farm Mut. Auto. Ins. Co.*, No. 20-CV-1260-JES-TSH, 2021 WL 5761002, at *9 (C.D. Ill. Dec. 3, 2021) (allegations that "center on Plaintiffs' national origin, not their race" insufficient to state Section 1981 claim). Because Arora pleads not only race but also his ethnicity and national origin as the cause of Defendants' discrimination, his Section 1981 claim fails as a matter of law.[2]

Arora argues that Defendants misinterpret *Comcast* because the law acknowledges that there may be multiple "but for" causes of discrimination (as here). While a plaintiff may plead multiple causes under some discrimination laws, notably Title VII (using theories known as "motivating factor," if multiple discriminatory causes, or "mixed motive," if legal mixed with illegal ones), in *Comcast* the Supreme Court held that to successfully plead a Section 1981 claim, "[r]acial discrimination must be the determining factor." *Piccioli v. Plumbers Welfare Fund Local 130, U.A.*, No. 19-CV-00586, 2020 WL 6063065, at *6 (N.D. Ill. Oct. 14, 2020). "Put differently, a plaintiff cannot survive a motion to dismiss upon a showing that racial discrimination was one factor among many in a defendant's decision." *Id.*

Arora invites the Court to minimize *Comcast*'s clear directive by applying another Supreme Court case, *Bostock*, that acknowledged generally, "[o]ften, events have multiple but-for causes," then explained, "[w]hen it comes to Title VII, the adoption of the traditional but-for causation standard means a defendant cannot avoid liability just by citing some *other* factor that

---

[2] Section 1981 prohibits discrimination based on race or ethnicity, but not national origin or immigration status. *Arevalo-Carrasco v. Middleby Corp., Inc.*, 851 F. App'x 628, 630 (7th Cir. 2021) ("For purposes of § 1981, 'national origin' is not protected, but 'ethnicity,' . . . is."); *Vang*, 2021 WL 5761002, at *10 ("[T]here is a difference between ethnicity and national origin. Cases interpreting § 1981 recognize that distinction, however subtle it may be." (citation omitted)). Therefore, putting aside whether Arora may plead that both his Asian race and Indian ethnicity were the but-for causes of the alleged discrimination, he cannot support his Section 1981 claim with allegations based on his national origin or status as an immigrant.

contributed to its challenged employment decision." *Bostock v. Clayton Cnty., Georgia*, 140 S.

Ct. 1731, 1739 (2020) (emphasis in original). The Court continued, "[s]o long as the plaintiff's

sex was one but-for cause of that decision, that is enough to trigger the law." *Id.* The *Bostock*

court specifically limited its holding to a narrow question within Title VII and refused to

"prejudge" how its interpretation of "because of" in Title VII might affect other sex

discrimination statutes. *Id.* at 1753 (emphasizing *Bostock* narrowly applies to Title VII and the

question of "whether an employer who fires someone simply for being homosexual or

transgender has discharged or otherwise discriminated against that individual 'because of such

individual's sex'"). The Court declines to apply *Bostock* to Section 1981 in contravention of

*Comcast.*[3] *See Pelcha v. MW Bancorp, Inc.*, 988 F.3d 318, 324 (6th Cir.), *cert. denied sub*

*nom. Pelcha v. Watch Hill Bank*, 211 L. Ed. 2d 281, 142 S. Ct. 461 (2021) (refusing to apply

*Bostock* to ADEA claim, explaining, "the rule in *Bostock* extends no further than Title VII").

 Arora also argues that he is free to plead in the alternative under the Federal Rules. That

is so; however, the fact that Arora can bring suit under various civil rights statutes does not

change *Comcast*'s holding that race must be asserted as the determinative cause to sustain a

Section 1981 claim. The cases cited by Arora either rely on Americans with Disabilities Act

("ADA") "mixed motives" precedent or, pre-*Comcast*, allow "motivating factor" for Section

1981 claims, both of which *Comcast* now precludes. *See Douglas v. Alfasigma USA, Inc.*, No.

19-CV-2272, 2021 WL 2473790, at *14 (N.D. Ill. June 17, 2021) (without engaging *Comcast*,

cites pre-*Comcast* ADA cases); *Vega v. Chi. Park Dist.*, 958 F. Supp. 2d 943, 952 (N.D. Ill.

---

[3] The Court acknowledges that some D.C. Circuit district courts have applied *Bostock* to allow Section 1981 claims based on multiple theories of discrimination. *See, e.g.*, *Newman v. Amazon.com, Inc.*, No. 21-CV-531 (DLF), 2022 WL 971297, at *7 (D.D.C. Mar. 31, 2022) ("Newman has not failed to plead but-for causation because, elsewhere in her complaint, she alleges that she was discriminated against based on race and sex."). However, Arora does not cite any similar persuasive or binding precedent in this Circuit.

2013) (pre-*Comcast*, allows Section 1981 claim based on "national origin" (no longer a viable theory) and does not find that Section 1981 allows a hybrid claim); *Anderson v. Champion Home Builders, Inc.*, No. 1:19-CV-130, 2019 WL 6213067, at *7 (N.D. Ind. Nov. 20, 2019) (pre-*Comcast*, allowing "motivating factor" theory for Section 1981 claim).[4]  Furthermore, Arora does not really plead *in the alternative*; rather, he asserts that race, ethnicity, national origin, and citizenship-status all motivated Defendants' actions, causing violations of various state and federal civil rights laws.  Doc. 10 ¶¶ 52–60.

Also, Arora does not parse the specifics of his race-based claim.  The first amended complaint does not explain which alleged employment actions were motivated by race-based animus (versus ethnicity or national origin) or how those actions were race-based.  The first amended complaint does not plausibly suggest that Arora's Asian race (rather than his Indian ethnicity, national origin, or status as a recent immigrant) caused Defendants' actions, much less constituted the "but for" cause.  *See Mir v. State Farm Mut. Auto. Ins. Co.*, 847 F. App'x 347, 350 (7th Cir. 2021) ("Nothing in Mir's complaint—which he declined to amend—could permit the inference of but-for causation here."); *Sanchez v. Tootsie Roll Indus., LLC*, No. 19-CV-4527, 2021 WL 4936240, at *6 (N.D. Ill. May 18, 2021) ("Because race plays no part in the factual allegations, Sanchez cannot maintain a cause of action premised on race discrimination under section 1981."); *see also McKenzie-El v. Am. Sugar Ref., Inc.*, No. 21-1089, 2021 WL 5412341, at *2 (4th Cir. Nov. 19, 2021) ("McKenzie-El's complaint simply does not allege facts showing that his race was a causal factor in his specific treatment, much less that it was the 'but for' cause.  This is especially so considering that McKenzie-El explicitly pled that his age,

---

[4] Arora cites another recent case where the court allowed a plaintiff to plead race and national origin to support a Section 1981 claim.  However, that case did not substantively engage *Comcast* or the "but for" standard, and the court also did not acknowledge that national origin cannot support a Section 1981 claim. *Walker v. J.H. Findorff & Son, Inc.*, No. 21-CV-420-SLC, 2022 WL 179339, at *5 (W.D. Wis. Jan. 19, 2022).

religion, and complaints to human resources were causes of his employer's actions."); *Postell v. Fallsburg Libr.*, No. 20-CV-03991 (NSR), 2022 WL 1092857, at *9 (S.D.N.Y. Apr. 8, 2022) (plaintiff's "bundled" allegations of "race, gender, or age" precluded but-for finding under Section 1981); *Rodriguez v. CP Dev., Inc.*, No. CV 20-1672, 2021 WL 3037712, at *5 (W.D. Pa. July 19, 2021) (dismissing Section 1981 claim based on "mixed bag" of national origin and race discrimination allegations). The Court grants Defendants' motion for judgment on the pleadings and dismisses Arora's Section 1981 claim.[5]

## CONCLUSION

For the foregoing reasons, the Court grants NAV's partial motion for judgment on the pleadings [35]. The Court dismisses Count III.

Dated: October 13, 2022

                                        SARA L. ELLIS
                                        United States District Judge

---

[5] Because the Court dismisses on this basis, it declines to engage Defendants' other argument that Arora's definition of "non-Ethnic-Indian" employees includes racially Asian, non-native-Indians, and therefore Arora cannot plead race was the causal factor for Section 1981.